

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George W. Cox
State Health Officer
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. 0-4614
Re: Under the facts submitted can
the Commissioners' Court of Jack
County appoint the partner of a
brother of the County Judge as
County Health Officer, and a
related question?

Your letter of May 20, 1942, requesting the opinion of this department on the questions stated therein, reads as follows:

"Your advice is requested with regard to the following matter submitted to us by the County Judge of Jack County. The letter from Judge McClure is reproduced herewith to give you the information:

"'Dr. R. S. Fillmore, who has been serving as County Health Officer, has entered the military service.

"'The only other doctors in Jacksboro are Dr. C. C. McClure and Dr. Paul K. Conner. Dr. McClure is my brother and he and Dr. Conner are partners in their medical work. As I understand, the Commissioners' Court cannot appoint either of these doctors as county health officer. Please let me know what the latest ruling is as to the right of the Commissioners' Court to appoint the partner of a brother of the County Judge as County Health Officer. If this cannot be done, I don't know how we will be able to fill this vacancy.'

Honorable Geo. W. Cox, Page 2

"Please advise: (1) If under such circumstances the appointment may legally be made by the County Judge; (2) In this circumstance may the State Board of Health, as provided in Article 4456 Revised Civil Statutes, 1925, appoint the County Health Officer where the said authorities refuse to fill the office because of the statutory limitations that exist."

Article 4423, Vernon's Annotated Civil Statutes, provides:

"The commissioners court by a majority vote in each organized county shall biennially appoint a proper person for the office of county health officer for his county, who shall hold office for two years. Said county health officer shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health; and, until such copies are so filed, said officer shall not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered."

Apparently, the County Judge has in mind that the appointment of Dr. Conner as County Health Officer by the Commissioners' Court, who is a partner of Dr. McClure, brother of the County Judge, would contravene the nepotism laws of this State. (Articles 432-439, Vernon's Annotated Penal Code)

We have carefully considered the nepotism statutes in connection with the foregoing questions and the facts stated above, and it is our opinion that the Commissioners' Court of Jack County can legally appoint Dr. Conner as County Health Officer, provided he (Dr. Conner) is not related to the County Judge or any member of the Commissioners' Court within the prohibited degree. There is nothing in the facts before us that would indicate that Dr. Conner is related to the County Judge or to any other member of the Commissioners' Court in any degree. For the purposes of this opinion, under the facts stated, we assume that there is no attempted subterfuge to

Honorable Geo. W. Cox, Page 3

appoint the brother of the County Judge as County Health Officer, or that he is to be compensated in any respect for services as such, in the event Dr. Conner is appointed as County Health Officer. This being true, we respectfully answer the first question as stated above, in the affirmative.

As we have answered your first question in the affirmative, we believe that your second question requires no answer. Therefore, we do not deem it necessary to discuss or pass on the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:GO

APPROVED JUN 2, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN